IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 11-713 |
| | : | |
| JOHN ANGELL, | : | |
| Petitioner. | : | |
| | : | |

## MEMORANDUM OPINION

Rufe, J.                                                                                                June 22, 2017

Before the Court is *pro se* Petitioner John Angell's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255. For reasons that follow, the Court finds that the grounds pursuant to which Petitioner brings his motion lack merit. Consequently, the Court will deny the Motion without an evidentiary hearing.[1]

I. **PROCEDURAL HISTORY**

Petitioner was charged by Superseding Indictment with eleven counts of traveling for the purposes of engaging in sex with a minor in violation of 18 U.S.C. § 2423(b) (Counts 1-11), and eleven counts of aggravated sexual abuse of a child and attempt in violation of 18 U.S.C. § 2241(c) (Counts 12-22).[2] All counts concerned a child deemed "Minor 1." Petitioner was paid to drive Minor 1 between the child's father's house in Pennsylvania and his mother's house in

---

[1] "In evaluating a federal habeas petition, a District Court must hold an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Kenley*, 440 F. App'x 78, 80 (3d Cir. 2011) (citing 28 U.S.C. § 2255(b)). If the record as a whole "conclusively show[s] that the prisoner is entitled to no relief," a court is not required to hold an evidentiary hearing. *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988) (quoting *Gov't of the V.I. v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984)) (internal quotation marks omitted). Here, the Court finds that the record as a whole conclusively establishes that Petitioner is entitled to no relief. Accordingly, the Court will deny the motion without an evidentiary hearing. Similarly, the Court will deny Petitioner's request that counsel be appointed. *E.g.*, *United States v. Brown*, Criminal Action No. 99-0730, 2008 WL 1376307, at *3 (E.D. Pa. Apr. 8, 2008) ("The Sixth Amendment does not guarantee a right to counsel in habeas proceedings.") (citations omitted).

[2] The case was tried to a jury before the Honorable William H. Yohn, Jr., and was reassigned to the calendar of this Court after Petitioner filed this motion.

New York for weekend visitation trips over an eight-year period. Each count in the Superseding Indictment related to a different trip.

At trial, Minor 1 testified that Petitioner began sexually abusing him when he was seven years old, and that the abuse occurred "most times" that he was alone with Petitioner.[3] Minor 1's testimony was corroborated by a recorded phone call between Minor 1 and Petitioner that was arranged by the FBI after the abuse had ended. During the conversation, Petitioner discussed his sexual relationship with Minor 1 and made many statements suggestive of guilt, including that he felt "bad" about "what happened" and had "never done anything like that before."[4] The jury convicted Petitioner on all counts, and Petitioner was sentenced to 420 months' imprisonment on all counts, reflecting a sentence of 360 months on Counts 1-11 and a concurrent sentence of 420 months on Counts 12-22.

Petitioner appealed, arguing that the evidence was insufficient to support his convictions and that the jury instructions for Counts 12-22 erroneously omitted an element of the offense. The Third Circuit found there was sufficient evidence to support Petitioner's convictions on all counts, but agreed that the jury instructions on Counts 12-22 were erroneous.[5] The Third Circuit thus affirmed Petitioner's conviction as to Counts 1-11, but reversed Petitioner's conviction on Counts 12-22 and remanded for a new trial.[6] On remand, the Government dismissed Counts 12-22, and Petitioner was resentenced to 235 months' imprisonment on Counts 1-11.[7]

---

[3] Tr. 67:16-73:6, 103:17-04:9 (11/1/12) (testimony of Minor 1).

[4] Government Ex. 2; *see also* Doc. No. 100 (Government's Amended Response to Petition) at 11-13.

[5] *United States v. Angell*, 588 F. App'x 161, 163 (3d Cir. 2014)

[6] *Id.* at 164.

[7] Doc. No. 95 (Amended Judgment).

## II. STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner serving a sentence in federal custody may petition the court which imposed the sentence to vacate, set aside, or correct the sentence by asserting that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[8] "Habeas corpus relief is generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."[9]

## III. ANALYSIS

Petitioner raises three claims based on the alleged ineffectiveness of his trial counsel: (1) counsel failed to object to various statements made by the Government during closing arguments; (2) counsel failed to move for dismissal under Rule 29; and (3) counsel failed to move Minor 1's videotaped pre-trial interview into evidence as impeachment material. In addition, Petitioner requests a sentence reduction based on his rehabilitation activities in prison.

### A. Ineffective Assistance of Counsel Claims

To prevail on a claim for ineffective assistance of counsel, Petitioner must demonstrate both that his attorney's performance was deficient and that the deficiency caused him prejudice.[10] An attorney's performance is deficient only if it falls "below an objective standard of reasonableness," and such deficiency prejudices the defense only where "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would

---

[8] 28 U.S.C. § 2255(a).

[9] *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989).

[10] *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007).

have been different."[11]

### 1. Counsel's Failure to Object During Closing Arguments

First, Petitioner argues that counsel permitted prosecutorial misconduct by failing to object during closing arguments when the Government accused Petitioner of lying, referred to facts not in evidence, and vouched for Minor 1's credibility. These arguments are belied by the record. The Government's attacks on Petitioner's credibility merely highlighted inconsistencies between Petitioner's testimony and other record evidence, and therefore did not exceed the boundaries of permissible advocacy.[12] The facts Petitioner claims were not in evidence were supported by testimony from Minor 1 and other Government witnesses.[13] The Government also did not improperly vouch for Minor 1's credibility, but simply referred to Minor 1's testimony and explained how it was consistent with other evidence and testimony.[14] Thus, counsel was not ineffective for failing to object during closing arguments, as the objections would have been meritless.[15]

---

[11] *Shedrick*, 493 F.3d at 299 (citation and internal quotation marks omitted).

[12] *See United States v. Vaghari*, 500 F. App'x 139, 144 (3d Cir. 2012) (explaining that "it is not improper for a prosecutor to refer to a defendant's testimony as 'lies' so long as this characterization is 'a fair comment on the evidence adduced at trial" and not an "inflammatory expression of a prosecutor's personal belief.'") (quoting *United States v. Reilly*, 33 F.3d 1396, 1421 (3d Cir. 1994)).

[13] Specifically, Petitioner argues that the Government improperly referenced a scar on his penis, but Minor 1 and the Government's urology expert Dr. Lee both testified that Petitioner had such a scar. Tr. 84:16-25 (11/1/12) (testimony of Minor 1); Tr. 109:14-112:10 (11/2/12) (testimony of Dr. Lee). Petitioner also argues that the Government erroneously referred to assaults taking place during "a 10 minute stop," but this was supported by Minor 1's testimony that the assaults took "[t]en minutes [on] average." Tr. 135:24-136:2 (11/1/12). Finally, Petitioner complains that the Government made statements about Minor 1's post-assault behavior that were inconsistent with the record, but the Government did not discuss the subject in detail, and in any event, these statements were supported by the record as well. Tr. 86:2-15 (11/1/12) (testimony of Minor 1); Tr. 32:5-15 (11/2/12) (testimony of Minor 1's mother).

[14] The Government's statements were a far cry from the type of impermissible witness vouching that occurred in the cases cited by Petitioner. *Compare United States v. Smith*, 814 F.3d 268, 274 (5th Cir. 2016) (prosecutor's statements that he was "totally convinced" a witness was telling the truth, and that another witness was "worthy of believing" crossed the line into impermissible witness vouching); *Hodge v. Hurley*, 426 F.3d 368, 377 (6th Cir. 2005) (prosecutor's statements that witnesses were "absolutely believable" were improper).

[15] To the extent Petitioner raises an independent claim based on prosecutorial misconduct, this claim is procedurally defaulted because it was not raised on direct appeal, and Petitioner cannot establish cause and prejudice to excuse

## 2. Counsel's Alleged Failure to Move for Dismissal

Next, Petitioner argues that counsel failed to move for dismissal based on insufficient evidence, but counsel did so at the close of the Government's case, and the Court denied the motion.[16] Petitioner argues that the motion should have been based on additional grounds, but similar arguments were raised on appeal and rejected by the Third Circuit, which found that there was sufficient evidence to support Petitioner's conviction.[17] Thus, this claim fails as well.

## 3. Counsel's Failure to Move Minor 1's Videotaped Interview into Evidence

Finally, Petitioner argues that counsel failed to offer a videotaped pre-trial interview of Minor 1 by an FBI agent into evidence for impeachment purposes. However, counsel cross-examined Minor 1 at trial regarding the interview and elicited several damaging admissions, including that Minor 1 had described himself as a "pathological liar" and told the FBI agent that he "lied a lot" and was "heavy into drugs."[18] Because Minor 1 admitted to making these statements, there was no need for counsel to offer the tape of the interview into evidence, and counsel was not constitutionally ineffective for failing to do so. Indeed, counsel could reasonably have concluded that introducing the tape was unnecessarily risky, as it no doubt contained incriminating statements against Petitioner.[19] Moreover, Petitioner has not shown that

---

the default as the underlying claim is meritless. *E.g.*, *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009) (citing *Bousey v. United States*, 523 U.S. 614, 621 (1998)).

[16] Tr. 7:1-8:14, 78:22-81:9 (11/5/12).

[17] *See Angell*, 588 F. App'x at 163. Some of Petitioner's arguments appear to pertain to his convictions for aggravated sexual assault, which were vacated and thus are not at issue here. Petitioner also argues that the Government failed to prove that his primary purpose in traveling with Minor 1 was to commit criminal sexual activity because Petitioner had a separate, pecuniary motive in making the trips, but this argument was rejected on appeal and is foreclosed by Third Circuit precedent. *Id.* (explaining that the Government was required to prove only that "'a significant or motivating purpose' of the travel was to facilitate the abuse," and that the evidence was sufficient to support such a finding) (quoting *United States v. Hayward*, 359 F.3d 631, 637-38 (3d Cir. 2004)).

[18] Tr. 128:17-133:19 (11/1/12).

[19] *See generally Dierolf v. Thompson*, Civil No. 1:CV–11–01999, 2013 WL 2896819, at *20 (M.D. Pa. June 12, 2013) ("Decisions by trial counsel with regard to examination of witnesses are strategic by nature and necessitate a

he suffered prejudice from counsel's decision, as it is unlikely that the outcome of the trial would have been different had the interview been shown to the jury. Petitioner thus fails to establish a claim for ineffective assistance of counsel.

### B. Petitioner's Request for a Sentencing Reduction Based on Postsentencing Rehabilitation

Petitioner also seeks a sentence reduction because of his postsentencing rehabilitation activities, including obtaining his GED and taking courses in anger management and parenting.[20] Petitioner's request is based on the Supreme Court's decision in *Pepper v. United States*, which held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the [Sentencing Guidelines]."[21] This argument is misguided. Upon resentencing, Petitioner obtained a significant sentence reduction that took into account his post-incarceration conduct,[22] and *Pepper* does not allow the Court to entertain subsequent requests for additional reductions in a § 2255 proceeding.[23] Petitioner's continuing efforts at rehabilitation, however laudable, do not warrant a further reduction in his sentence.

---

strong level of deference to the attorney's assessment.") (citing *Diggs v. Owen*, 833 F.2d 439, 444-45 (3d Cir. 1987)).

[20] Doc. No. 97 (Petition) at 15. Although Petitioner states that his Certificates of Completion for these courses are attached to his Petition as "Exhibit A," no such exhibits appear on the docket. Nonetheless, the Court takes as true Petitioner's allegation that he has completed a number of educational courses while incarcerated.

[21] 562 U.S. 476, 481 (2011).

[22] Although the Third Circuit affirmed Petitioner's convictions on Counts 1-11, Petitioner's sentence on those counts was reduced from 360 to 235 months on resentencing. *See* Doc. Nos. 68, 95 (Judgment and Amended Judgment).

[23] *See United States v. Renfro*, Criminal No. 08-93-ART-CJS-2, 2017 WL 1416869, at *6 (E.D. Ky. Mar. 22, 2017) (holding that request for resentencing based on *Pepper* was "not cognizable in a § 2255 proceeding absent a showing of a complete miscarriage of justice"); *McCullough v. United States*, No. 12-1214, 2015 WL 1651270, at *5 (W.D. Tenn. Apr. 14, 2015) (holding that *Pepper* did not allow petitioner to seek a resentencing under § 2255).

## IV. CONCLUSION

For the reasons stated above, Petitioner conclusively fails to establish that his sentence was improper or that his counsel was ineffective. As a result, his motion will be denied without a hearing. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.[24]

---

[24] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).